# United States District Court
for the
Southern District of Indiana

| | | |
|---|---|---|
| SHANE KAVANAUGH, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| JON KING and | ) | |
| KEVIN VILLAGRAM-CASASOLA, | ) | |
| *Defendants.* | ) | |

## Complaint for Damages

Plaintiff Shane Kavanaugh, by counsel, files his Complaint for Damages, and in support hereof, states as follows:

### I. Nature of the Case

1. On April 19, 2025, Indianapolis Metropolitan Police Department ("IMPD") Officer Jon King, responded to a call regarding a single-vehicle accident involving an all-terrain vehicle ("ATV") in a residential neighborhood. Plaintiff Shane Kavanaugh ("Shane") lived in the neighborhood and was at the scene; his brother had been driving the ATV.

2. Officer King and Shane got into a verbal disagreement regarding Shane's family members driving ATVs in the neighborhood. Officer King told Shane to go inside. When Shane responded, "you can't tell me what to do," Officer King arrested Shane under the false pretense of public intoxication.

3. Officer Kevin Villagram-Casasola assisted with the unlawful arrest.

4. This lawsuit seeks money damages from the Defendants for the damages caused by their abuse of their police powers and blatant disregard for the laws and Constitution of the United States.

## II.  Jurisdiction & Venue

5.      This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1983.

6.      This Court has jurisdiction over the parties because the parties are domiciled in Indiana.

7.      Venue is proper in the Southern District of Indiana, Indianapolis Division, under 28 U.S.C. § 1391(b) because the events at issue occurred in Marion County, Indiana.

## III.  Identification of Parties

8.      Shane is domiciled in Marion County, Indiana.

9.      Defendant Jon King ("Officer King") was at all relevant times a duly appointed police officer of the City of Indianapolis and was acting under color of state law as an employee of the Indianapolis Metropolitan Police Department ("IMPD").

10.     Officer King is domiciled in Marion County, Indiana.

11.     Defendant Kevin Villagram-Casasola ("Officer Villagram-Casasola") was at all relevant times a duly appointed police officer of the City of Indianapolis and was acting under color of state law as an employee of the IMPD.

12.     Officer Villagram-Casasola is domiciled in Marion County, Indiana.

## IV.  Facts

13.     On the early evening of Saturday, April 19, 2025, Officer King and Officer Villagram-Casasola (collectively, "the officers") responded to a reported crash of an ATV near Shane's house in Indianapolis.

14.     The police had been called to Shane's neighborhood before, on multiple occasions,

2

due to certain residents complaining that Shane's family members were riding ATVs in the neighborhood.

15.    During the previous police runs, the officers determined that the ATV use in the neighborhood was not illegal.  As such, the officers did not issue any warnings, write citations, or make any arrests.

16.    On April 19, 2025, Shane was standing in his front yard when the officers arrived.

17.    Officer King was one of the officers who responded.

18.    Officer King typically worked the night shift, but was working overtime on April 19, 2025.

19.    Shane had not seen Officer King on the previous occasions when officers had responded for the ATV complaints.

20.    Shane informed Officer King that his brother had been driving the ATV, that his brother had been treated by emergency medical services, and that his brother was already at home.

21.    Shane and Officer King began to have a verbal disagreement.

22.    The front driver side door of Officer King's squad car was open.

23.    Officer King was standing between the driver side of the vehicle and the open door, leaning against the roof of the car, facing the passenger side of the vehicle.

24.    Shane was standing on the passenger side of the vehicle, near where the windshield and hood meet.

25.    Shane began video recording Officer King.

26.    Shane asked Officer King for his badge number.

27.    Officer King refused to provide his badge number.

28.    Shane asked Officer King for his name.

29. Officer King would not even state his name, saying he had already told Shane twice.

30. Shane again asked for Officer King's name and badge number.

31. Officer King stated, "I'm not playing any games with you."

32. Shane again asked for Officer King's name and badge number.

33. At that point, Officer King told Shane to get out of the road or he would take Shane to jail for a "P.I."

34. Shane asked what a "P.I." was.

35. Officer King responded it was "public intox" and stated that he could smell alcohol on Shane (despite the fact that there was a police vehicle between the two of them).

36. Officer King's statement was knowingly false: Shane had not consumed any alcoholic beverages and Shane did not smell of an alcoholic beverage.

37. Shane told Officer King that his statement regarding smelling alcohol was "bullshit" and that Shane had not had a single drink.

38. Officer King again falsely claimed, "I can smell it."

39. Officer King then stated, "The neighborhood is sick of you guys."

40. Shane disagreed with Officer King, responding that it was only three neighbors who had an issue with the ATVs.

41. Shane and Officer King then argued over whether Officer King could take any legal action regarding Shane's family members operating ATVs in the neighborhood.

42. Shane and Officer King had the following exchange:

>Officer King:  This is it.
>
>Shane:         It's not it.  Guess what?  It's gonna happen again and again. Tomorrow, we'll be out.  So show up.  Go ahead.  Show up. Because guess what?  You can't do shit about it.

> Officer King: Yes I can.
>
> Shane:　　　　What are you going to do?
>
> Officer King: I can tow, I can write tickets, what do you want me to do?
>
> Shane:　　　　You can't do shit.
>
> Officer King: I can make arrests.
>
> Shane:　　　　You can't.
>
> Officer King: Yes I can.
>
> Shane:　　　　No you can't.

43.　　Shane again asked Officer King for his badge number.

44.　　Officer King again refused to provide his badge number and said, "No, we're done."

45.　　Shane again asked Officer King for his badge number.

46.　　Officer King told Shane to "go inside."

47.　　Shane responded, "You can't tell me what to do."

48.　　When Shane told Officer King that Officer King could not tell him what to do, Officer King walked around the front of his squad car and arrested Shane.

49.　　Officer Villagram-Casasola assisted in the unlawful arrest.

50.　　Officer King and Officer Villagram-Casasola did not have probable cause, or any reason whatsoever, to believe that Shane had committed any crime.

51.　　Officer King and Officer Villagram-Casasola never conducted any investigation in respect of whether Shane was intoxicated.

52.　　Officer King and Officer Villagram-Casasola never did field sobriety tests, a breath test, or a blood draw.

53. The arrest was nothing more that an abuse of power in retaliation for Shane arguing with Officer King and telling Officer King that he could not make arrests related to the ATV use and that Officer King could not tell Shane what to do.

54. The officer handcuffed Shane and transported him to the Marion County jail.

55. Shane was detained in the Marion County jail until approximately 11:00 a.m. on Sunday, April 20, 2025.

56. Shane was not charged with a crime.

57. Officer King and Officer Villagram-Casasola were acting individually and under color of law at all relevant times.

### V. Claim

### 42 U.S.C. § 1983 Claim for Illegal Seizure

58. Plaintiff incorporates the preceding paragraphs as though fully set forth below.

59. The officers deprived Shane of his rights, privileges, and immunities as secured by the laws and Constitution of the United States.

60. The officers illegally and unconstitutionally seized Shane without probable cause or any other legal justification.

61. As a direct and proximate result of the officers' actions, Shane has suffered damages.

62. Shane is entitled to attorney fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff Shane Kavanaugh seeks all relief available under the law, the expenses necessitated by the Defendants' wrongful acts and omissions, including attorney's fees, and all other relief just and appropriate in the premises.

## Jury Demand

Plaintiff demands that this matter be tried to a jury.

Respectfully submitted,


/s/ Robert D. King, Jr.
Robert D. King, Jr. (#20963-49)
ROB KING & ASSOCIATES, TRIAL LAWYERS
320 S. Rangeline Rd.
Indianapolis, IN 46032
Phone: (317) 916-0000
Fax: (317) 955-1844
Email: rking@robertkinglaw.com

7